**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WALTER LEE WILLIAMS,** ) | |
|     **ID # 872442,** ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:13-CV-4018-B (BH) |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On March 29, 1999, the petitioner was convicted of sexual assault in Cause No. F98-18727-PN in the 195th Judicial District Court in Dallas County, Texas, and was sentenced to forty years imprisonment. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his conviction and sentence, and the Fifth District Court of Appeals affirmed both in an unpublished opinion on August 10, 2000. *Williams v. State*, No. 05-99-00629-CR (Tex. App. – Dallas, Aug. 10, 2000, no pet.). The petitioner sought and received an extension until November 10, 2000, to file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. He did not file a PDR, however. *See* PD-1374-01.

On October 14, 2003, the petitioner filed a motion for DNA testing in the trial court that was

denied on August 10, 2005. This denial was affirmed by the state appellate court on November 7, 2006. *See Williams v. State*, 2006 WL 3200117 (Tex. App.–Dallas Nov. 7, 2006); (*see also* www.dallascounty.org, search for Cause No. F98-18727-PN). He then filed a state writ challenging his conviction on May 28, 2013, and it was denied on its merits without a written order based on the trial court's findings on July 24, 2013. *See Ex parte Williams*, No. WR-51,033-02 (Tex. Crim. App. July 24, 2013).

The petitioner's federal petition is dated September 13, 2013. (Pet. at 11). It contends that he was denied due process of law because the visiting presiding judge never took the required oath of office, and that his trial and appellate counsel were ineffective for failing to raise this as an issue. (Pet. at 6-7).

## II. STATUTE OF LIMITATIONS

### A. **Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D)

the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

The petitioner did not file a PDR with the Court of Criminal Appeals, but he did receive an extension of time to file a PDR. Therefore, his state conviction became final for purposes of § 2244(d)(1)(A) on November 10, 2000, the extended deadline for filing his PDR. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 654-55 (2012) (holding that when a federal habeas petitioner does not appeal to his state's highest court, his conviction became final when his time for seeking review with the state's highest court expires, and not when the mandate issues); *see also Morris v. Thaler*, 455 Fed. App'x 401, 405 (5th Cir. Dec. 12, 2011) (noting that, when an extension to file a PDR has been granted, but no PDR filed, the date it was due is the date on which the petitioner could no longer seek further direct review). Here, the petitioner asserts that the one-year statutory period should begin at a later date under § 2244(d)(1)(B) and (D) because the state impeded him from obtaining newly-discovered evidence to support his claims, and because he was not aware of the facts supporting this claim until well after his conviction became final. (Pet. at 9).

A petitioner alleging a state-created impediment has the burden to show that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir.2003). That is, a petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law. *See id.* at 436–37. The petitioner in this case has not made this showing. He has presented evidence that in 2008, 2009, and 2012, he received responses to his inquiries about the visiting judge's oath of office from the Secretary of State's office, a private investigator, and the district attorney's office. (Memorandum (Mem.) at 15-17, Ex. B-G). This is not evidence that the state prevented him from filing a federal or state habeas petition, as required under § 2244(d)(1)(B). *See e.g., Egerton*, 334 F.3d at 438-

3

39 (holding that the inadequacy of the prison library, which did not include copies of AEDPA, was a state-created impediment under § 2244(d)(1)(B)); *Critchley v. Thaler*, 586 F.3d 318, 321 (5th Cir.2009) (holding that the state's failure to file Critchley's state habeas petitions constituted a state-created impediment under § 2244(d)(1)(B)).

Likewise, the petitioner has not demonstrated that under § 2244(d)(1)(D), the facts supporting his claims did not become known and could not have become known through the exercise of due diligence until well after his conviction was final. He did not seek or obtain the evidence he presents in support of his claims until 2008, almost eight years after his conviction became final. The evidence was obtained pursuant to the Texas Public Information Act. (Mem., Ex. B-G). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). Due diligence required the petitioner to act to inquire about the facts supporting his claim well before the eight-year mark. Because his September 13, 2013, federal petition was filed almost thirteen years after his conviction became final, it is untimely.[1]

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired two years before the petitioner filed his motion for DNA testing in October of 2003, and many years before he filed his state writ or his federal

---

[1] Prisoners' federal pleadings are considered filed when they place them in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). While the petitioner does not state the date on which he placed his federal habeas petition in the mail, he dated it September 13, 2013. The Court finds for purposes of this limitations analysis that this is the date he filed his petition.

4

petition in 2013. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, the petitioner has not demonstrated the due diligence required to establish the rare and exceptional circumstances that would warrant equitable tolling of the statute of limitations. He neither sought, nor obtained, any factual support of his claims until many years after his state conviction was final. Therefore, his federal petition is barred by the statute of limitations.

## III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 31st day of October, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE